Filed 10/11/13  P. v. Sutton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEON SHONTEL SUTTON,<br><br>Defendant and Appellant. | F065080<br><br>(Super. Ct. No. BF138447A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]Before Gomes, Acting P.J., Detjen, J., and Franson, J.

Defendant Deon Shontel Sutton was convicted of driving under the influence and driving without a valid license. His only contention in this appeal is that this court should review the record of the in camera proceedings that were held pursuant to his *Pitchess* motion[1] and determine whether any discoverable material was withheld. We have done so and conclude that the trial court did not abuse its discretion. We will affirm the judgment.

## *FACTUAL AND PROCEDURAL HISTORIES*

A car driven by Sutton was pulled over by police for not making a full stop at a stop sign. A passenger dumped some clear liquid out the window as the officers approached the car. The officers found a partially full bottle of rum in the car's center console. Asked for his license, Sutton produced only a California identification card. He smelled of alcohol, his eyes were bloodshot, and his speech was slurred. An officer administered three field sobriety tests to Sutton, the results of each of which were consistent with impairment by alcohol. A breath test administered at the scene and a test of a blood sample taken about an hour afterward at a hospital both indicated a blood alcohol level above the legal limit, 0.08 percent.

The district attorney filed an information alleging three counts: (1) driving under the influence with a prior felony conviction for driving under the influence during the previous 10 years (Veh. Code, §§ 23152, subd. (a), 23550.5); (2) driving with a blood alcohol level of 0.08 percent or more with a prior felony conviction for driving under the influence during the previous 10 years (Veh. Code, §§ 23152, subd. (b), 23550.5); and (3) driving without a valid license (Veh. Code, § 12500, subd. (a)). The information also

---

[1]*Pitchess v. Superior Court* (1974) 11 Cal.3d 531. Motions, like the one at issue here, to compel discovery of evidence in a law enforcement officer's personnel file, are now based on Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1047, but they are still called *Pitchess* motions after the case in which our Supreme Court first authorized them. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1219 (*Mooc*).)

alleged that Sutton had a prior strike conviction (an attempted robbery) under the Three Strikes Law. (Pen. Code, §§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e).) Finally, the information alleged that Sutton had served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

Sutton filed his *Pitchess* motion before trial. It asked for material relevant to the arresting officer's credibility, honesty, and prior acts of moral turpitude. Sutton contended that the officer had fabricated evidence regarding his arrest and that records of similar misconduct from the officer's files could be used to impeach him. Among other things, Sutton claimed he did make a full stop at the stop sign; he argued that if his version were believed, his suppression motion would be granted. The court held an in camera hearing and ruled that there was no discoverable evidence.

After a jury trial, Sutton was found guilty of counts 1 and 3. The jury failed to reach a verdict on count 2, and the court dismissed that count on the People's motion. The enhancement allegations were found true after a court trial.

## *DISCUSSION*

In deciding a *Pitchess* motion, a court must first determine whether the motion shows good cause for production of an officer's confidential personnel records. If it does, the court must obtain potentially relevant personnel records from their custodian and review them for relevance at a hearing in camera. The court is then to order disclosure to the moving party of any information relevant to the pending litigation. (*Mooc, supra,* 26 Cal.4th at p. 1226.)

Sutton requests that we examine the record of the in camera hearing to determine whether the court failed to order disclosure of any relevant information or otherwise failed to follow the *Pitchess* procedure. The People join in the request. We review the trial court's ruling for abuse of discretion. (*Mooc, supra*, 26 Cal.4th at p. 1228.)

At the in camera hearing, a custodian of records for the Bakersfield Police Department testified that he had gathered records responsive to the motion and brought

3.

them to court.  The court stated that it had reviewed the records and found nothing discoverable.

The materials produced by the custodian of records included a citizen complaint and the arresting officer's personnel file.  We have reviewed these materials and found no material that would have been helpful to the defense in supporting its contentions that the officer fabricated evidence and was dishonest in describing the facts surrounding Sutton's arrest.  The court did not abuse its discretion.

## ***DISPOSITION***

The judgment is affirmed.